

# Thomas D. Shanahan, P.C.

One Grand Central Place
60 East 42nd Street
Suite 4600
New York, NY 10165

tom@shanahan
www.shanahan
(212) 867-1100, x

April 16, 2021

Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

        Re:     Doe v. East Side Club, LLC, *et al*.
        <u>Docket</u>:  18-cv-11324-KPF

Honorable District Court Judge Failla:

    My firm is counsel to all Defendants in this action. On March 17, 2021, Your Honor directed Plaintiff John Doe to submit an Affidavit, not to exceed twenty pages, specifying any opposition to sanctions being imposed on him. The submission was to be limited to any issues not previously addressed by his counsel. *Dkt.* 140. Yesterday, I received a package, with an Affidavit and "Memorandum of Law" totaling 32 pages with substantial exhibits[1]. In addition, Mr. Cohen and his firm yesterday filed a letter motion to be relieved as counsel to Plaintiff. *Dkt*. 141. The letter motion exceeds the three pages permissible pursuant to your Individual Rules, §4(a). Moreover, the letter motion goes well beyond explaining the basis of the motion and citation to appropriate law. Mr. Cohen improperly utilizes the letter for a substantive critique of the *pro se* Plaintiff's submission. To the best of my knowledge, Mr. Cohen did not seek leave of the court to exceed the three-page limit and/or to engage in what amounts to an improper supplemental filing in opposition to our motion for sanctions. At our last conference, your Honor specifically stated Mr. Cohen and his firm would *not* be permitted to supplement the record. *Dkt.* 138. Your Honor directed me to submit my response to Plaintiff's filing, not to exceed ten pages, on or before April 30, 2021. <u>Given all the issues arising from the recent improper submissions by Plaintiff, Mr. Cohen and The Derek Smith Law Group ("Derek Smith"). I am filing this cross-motion, requesting a conference to discuss what next steps are appropriate and what, if any, reply papers, I will be permitted to file on behalf of my client</u>.

    While we do not oppose the application to be relieved by Mr. Cohen and Derek Smith, the submissions by both Plaintiff and Mr. Cohen raise new and very serious issues of attorney misconduct. Plaintiff *avers* he taped three phone calls with Mr. Cohen and includes cherry-

---

[1] It is worth noting that Plaintiff John Doe discloses his own identify hundreds of times in the exhibits. Inexplicably, those exhibits have not been filed with the Court. I am not aware of any order directing Mr. Cohen to omit the very substantial exhibits from his ECF filing. This issue can be addressed at our conference should this cross motion be granted. The exhibits are three inches thick and about 200 pages long.

picked portions of those conversations in his submissions. *Dkt*. 140, Memorandum of Law, ¶¶70, 71, 72, 73, 74. If these portions of the recorded conversations are accurate, Mr. Cohen is coaching Plaintiff to perjure himself.  <u>Id.</u>  Even more disturbing, Mr. Cohen falsely accuses your Honor of misconduct from the bench, resulting in the withdrawal of Plaintiff's complaint.  *Id.*, ¶73. These are very serious issues of attorney misconduct and purported judicial misconduct that must be addressed forthwith.

<u>The submissions of earlier this week necessitate a conference at your Honor's earliest possible convenience to discuss what portions of the improper submissions will be permitted, what if any reply papers my clients may seek to file and how and when to address the new and very serious allegations arising from conversations purportedly taped by Plaintiff (I have not heard the actual recordings as of the time I am drafting this letter</u>.

                                      Most Respectfully,

                                      Thomas D. Shanahan

Cc:    Johnmack Cohen, Esq.
        *Pro Se* Plaintiff