UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE 1, <br><br> Plaintiff, <br><br> -v.- <br><br> EAST SIDE CLUB, LLC, JOHN DOE 2, and JOHN DOE 3, <br><br> Defendants. | 18 Civ. 11324 (KPF) <br><br> **ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Defendants' first motion to strike (Dkt. #157); Mr. Cohen's opposition to the motion to strike and renewed request for permission to file a sur-reply (Dkt. #158); and Defendants' second motion to strike (Dkt. #159).

Defendants' motions to strike are both DENIED. As to their first motion to strike, Defendants have not satisfied the stringent standard of Federal Rule of Civil Procedure 12(f). *See* Fed. R. Civ. P. 12(f) (providing that a court "may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter"); *see generally Oram* v. *SoulCycle LLC*, 979 F. Supp. 2d 498, 511 (S.D.N.Y. 2013) ("Although motions to strike are generally disfavored, allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." (internal citation and quotation marks omitted)). To the extent Mr. Cohen has improperly attempted to supplement his June 2020 briefing in opposition to the pending motion for sanctions, the Court will discount any submissions accordingly,

obviating the need to strike any exhibits. To the extent defense counsel takes issue with exhibits related to his disciplinary record, the exhibits filed contain publicly available information and defense counsel has responded to Mr. Cohen's allegations on the record in his motion to strike. Accordingly, the first motion to strike is denied.

Defendants' second motion to strike is premised on a belief that Mr. Cohen filed an improper sur-reply in further support of his cross-motion for sanctions. However, defense counsel misunderstands the record. In point of fact, it is defense counsel who invited Mr. Cohen's letter by filing his first motion to strike and by filing an opposition to a motion the Court had already denied. As such, there is no ground to strike Mr. Cohen's opposition to Defendants' first motion to strike, and Defendants' second motion to strike is denied as well.

The Court turns next to Mr. Cohen's renewed request to file a sur-reply in further opposition to Defendants' motion for sanctions. Mr. Cohen has had ample opportunity to oppose Defendants' motion and no further process is required. *First*, Mr. Cohen disagrees with the characterization of several discovery disputes in Defendants' sur-reply; however, these are not new areas of disagreement between the parties, and so a sur-reply is not warranted.

*Second*, to the extent Mr. Cohen believes a sur-reply is required to respond to allegations raised in Plaintiff's April 15, 2021 opposition to the pending motion for sanctions and the recordings of two conversations Mr.

Cohen had with Plaintiff, the Court notes that Mr. Cohen has had ample opportunity to address those allegations, and has in fact shared his position with the Court on multiple occasions. The parties discussed the recordings extensively on the record on April 21, 2021 — after Mr. Cohen had been in possession of the recordings for several days — at which conference Mr. Cohen raised many of the issues he now seeks to brief. (See Minute Entry for April 21, 2021). Additionally, since Plaintiff filed his opposition, Mr. Cohen has submitted four letters to the Court, all of which address to some degree the issues Mr. Cohen now seeks to brief in his sur-reply. (See Dkt. #141, 144, 153, 158). The Court believes Mr. Cohen has had more than ample opportunity to address Plaintiff's arguments and the recordings. The parties are admonished to review the record carefully before engaging in any further, potentially wasteful motion practice, and the Court reiterates that it considers briefing on the pending motion for sanctions to be closed.

SO ORDERED.

Dated: May 10, 2021
New York, New York

KATHERINE POLK FAILLA
United States District Judge