

July 29, 2021

**VIA FEDERAL EXPRESS**
Honorable Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

               Re:    *Doe v. East Side Club, LLC et al.*
                      Case No.: cv-11324

Dear Judge Failla,

      We submit this letter to respectfully request the Court issue an interlocutory order to stay this matter regarding our opposition to Defendants' fee application pending a decision from the Second Circuit. Defendants object to this request in the interests of closure.[1] We also respectfully request the Court allow us to respond to Plaintiff's motion for reconsideration by September 13, 2021 to address numerous falsities.[2] [3]

      On July 21, 2021, we filed a Notice of Appeal of the Court's July 1, 2021 sanction award against DSLG and me as the Court conflated the Fed. R. Civ. P. 11 standard with the much higher standard of bad faith and failed to consider our lack of knowledge as to the full extent of Plaintiff's Bronx Action in finding bad faith—that we were motivated by improper purposes. Ultimately, the Second Circuit may moot these issues, which would allow the parties and Court to avoid unnecessary motion practice. Alternatively, the Second Circuit could narrow the sanction award and remand the case for a different calculus, which would result in duplicative motion practice on this issue if a stay is not granted. See supra.

      To the extent the Court is not so inclined to grant our request, the Court should narrow the specific sanction award as it is overbroad including incurred fees not causally linked to our alleged misconduct. *Goodyear Tire & Rubber Co. v. Haeger,* 137 S. Ct. 1178, 1186 (2017); *United States v. Mine Workers,* 330 U.S. 258, 304 (1947); *Virginia Properties, LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 114 (2d Cir. 2017). The sanction is related solely to Plaintiff's Bronx Action, which impacted emotional distress damages[4], not substantive liability. The Court's sanction for all fees from January 13, 2020 onward is not appropriately tailored as it includes fees for defense counsel's participation in matters that have no relation to this issue, (i.e.

---

[1] Defendants are aware that we have appealed this matter so there will not be ultimate closure until the appellate process concludes.
[2] We take no position as to Plaintiff seeking relief from the Court's sanction award as it does not concern us and is unrelated to our appeal. We solely take issue with Plaintiff continuing to lodge false allegations against us.
[3] I am also making this request as my partner recently returned to work from maternity leave so I am working on a limited schedule taking care of our five-month-old daughter and due to the pandemic, we have not been able to obtain child care for her.
[4] Plaintiff's Bronx Action was not dispositive of Plaintiff's emotional distress in this case, as shown in Plaintiff's mental health records that were provided to Defendants during discovery without objection. Plaintiff only withdrew emotional distress damages to streamline the issues and focus on liability as part of trial strategy.

New York City Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103| (215) 391-4790
Miami Office: 701 Brickell Avenue, Suite 1310, Miami, FL 33131 | (305) 946-1884
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Website: www.discriminationandsexualharassmentlawyers.com

including but not limited to: Defendants' motions in limine, Defendants' opposition to our motion in limine on topics besides Plaintiff's Bronx Action, defense counsel's trial preparation on matters other than the Bronx Action, court conferences discussing other matters besides the Bronx Action, pretrial submissions on topics unrelated to the Bronx Action etc.)[5]

The case was substantively viable and could have continued to trial even with Plaintiff's Bronx Action being admitted. Plaintiff only withdrew this case because of the Court's severe warnings regarding Plaintiff's pending law license, not because this information came to light. We cannot control Plaintiff's decision to voluntarily dismiss the action and in-turn cannot be liable for all fees and costs associated with matters wholly unrelated to Plaintiff's Bronx Action. The sanction award is too far-reaching and unfairly punitive, which has created the potential for an overly harsh, excessive fee award.

In addition, we should not be responsible for the fees and costs associated with Defendants' entire motion for sanctions as a great portion of that motion was not successful regarding DSLG and me. *Dunkin' Donuts Franchised Restaurants, LLC v. Rijay, Inc.*, No. 06CIV8237JGKLMS, 2010 WL 11586814, at \*1 (S.D.N.Y. May 10, 2010). Also, Defendants' motion did not even address our January 13, 2020 motion in limine and accompanying attestation, which the Court relied upon in issuing sanctions from that point forward. *Id.* Furthermore, Defendants filed two excessive sanctions motions (51 pgs then 35 pgs), detailed many issues that were already fully examined and decided upon by the Court[6], filed a number of superfluous letters related to their motion (including, but not limited to Dkt #s 157, 159) , and incurred fees in their motion solely as it related to Plaintiff (including, but not limited to Dkt #s 142, 151)—all of which should be excluded from this fee application.

Moreover, Defendants had multiple opportunities to retrieve information regarding Plaintiff's other litigation but chose to wait until the week before trial to do so, incurring unnecessary fees and costs. *Kahre-Richardes Fam. Found., Inc. v. Vill. of Baldwinsville, N.Y.*, 953 F. Supp. 39, 42 (N.D.N.Y. 1997), aff'd sub nom. *Kahre-Richardes Fam. Found., Inc. v. Cillage of Baldwinsville*, 141 F.3d 1151 (2d Cir. 1998)(Awarding only partial sanctions because of defendants' attorneys failure "to bring a motion to dismiss at an earlier stage in this case.") Defendants were aware of Plaintiff's Bronx Action, at the latest, in September 2019, when defense counsel deposed Plaintiff. Mr. Shanahan even expressed his intention to submit a supplemental document demand after Plaintiff's deposition on this topic, which would have been the appropriate time to address this issue, but chose not to.  Dkt # 153-1 at 31:15-18. Defendants also could have followed the Federal Rules of Civil Procedure to a file motion to compel after they received Plaintiff's objections on this topic in May of 2019, but also did not. Id. at 30:7-11 (The Court recognized ". . . . *all of this could have been prevented if only you had moved to compel so many months before the trial? Why didn't you, sir? You could have. You know you could have. . . .*"). Furthermore, Plaintiff's appellate litigation is a matter of public record and easily searchable—simply typing Plaintiff's name into google yields multiple relevant results. It

---

[5] At most, we should have to reimburse Defendants for fees incurred related to portions of the February 21, 2020 February 27, 2021 and February 28, 2021 conferences, and the costs incurred for retrieving Plaintiff's Bronx Action.
[6] We understand the Court's argument that these prior issues were examined in the aggregate. However, Defendants did not need to file such an excessive motion rehashing each and every detail and could have simply pointed to the record. Also, the Court again did not issue sanctions on these prior issues.

is clear Defendants could have retrieved Plaintiff's Bronx Action documents at multiple prior points and through various means, but chose to wait until the eve of trial to do so. Accordingly, we should not be responsible for such wide sweeping fees and expenses that should have been avoided or at least significantly lessened.

Thus, we respectfully request the Court tailor the sanctions award to the alleged misconduct and then we can properly oppose the fee application, if necessary. This will avoid the likelihood of multiple appeals and duplicative motion practice. We thank the Court for its time and attention to this matter.

Respectfully submitted

Johnmack Cohen, Esq.