

# Thomas D. Shanahan, P.C.

One Grand Central Place  
60 East 42nd Street  
Suite 4600  
New York, NY 10165

tom@shanahanlaw.com  
www.shanahanlaw.com  
(212) 867-1100, x1

August 1, 2021

Katherine Polk Failla  
United States District Judge  
Southern District of New York  
40 Foley Square, Room 2103  
New York, New York 10007

           Re:        Doe v. East Side Club, LLC, *et al*.  
           Docket:  18-cv-11324-KPF

Honorable District Court Judge Failla:

     My firm is counsel to all Defendants in this action. I submit this letter in opposition to the two pending letter motions. *Dkts. 173-176*. For the reasons explained herein, I respectfully submit both motions, including Mr. Cohen's request for an interlocutory stay pending appeal, are properly denied.

*Application by Plaintiff Pro Se*  
*Seeking Reconsideration*

     Plaintiff *Pro Se* ("Plaintiff") filed papers in support of his application seeking to have the Court reconsider its prior determination regarding Plaintiff's culpability for an extensive pattern of misconduct throughout the course of this litigation. *Dkts.* 173-175. The issues raised by Plaintiff in his self-styled motion for "reconsideration" are already addressed in the record. Rather than pointing out errors of fact, Plaintiff simply takes issue with the Court's conclusions. Plaintiff cites to numerous cases to support his request, none of which are decisions of the Second Circuit or courts within it. The Second Circuit, like other courts, has limited district courts' reconsideration of earlier decisions under Rule 54(b) 'by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *See* Official Comm. of Unsecured Creditors v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003). The Second Circuit requires, as a rule, one of three tests to be satisfied: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Id*. None of these factors are even argued by the Plaintiff who has legal training and substantial experience litigating in numerous courts over the last five years.

Rather than a motion for reconsideration, Plaintiff should file an appeal in the Second Circuit to challenge the Court's decision dated July 1, 2021. *Dkt.* 166.[1]

*Application by Derek Smith and*
*Mr. Cohen for an Interlocutory*
*Stay Pending Appeal*

Without citing to any case law in support, the Derek Smith Law Group and Mr. Cohen (collectively "Derek Smith") seek an interlocutory stay pending a decision on their appeal, filed on July 21, 2021, in the Second Circuit. *Dkt.* 175. The Federal Rules of Appellate Procedure 8(a), permits a motion to stay to be filed in this Court. A party seeking a stay is usually required to post a bond or some other type of security. In the Second Circuit, the four factors considered when an interlocutory stay are sought are: (1) whether the movant will suffer irreparable injury absent a stay; (2) whether the non-moving party will suffer substantial injury if a stay is issued; (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal; and, (4) the public interests that may be affected. *See* Hirschfield v. Bd. Of Elections in City of New York, 984 F.2d 35, 39 (2nd Cir. 1993). I respectfully submit that none of these factors weigh in Derek Smith's favor.

A Notice of Appeal was filed by Derek Smith and Mr. Cohen on July 21, 2021. On July 16, 2021, I filed papers in support of an award of legal fees and costs as directed in the Decision and Order dated July 1, 2021. *See Dkt.* 167-170. Plaintiff and Derek Smith opposition to my submission is due on August 16, 2021. The time to file for an interlocutory stay pending appeal expired before I filed on July 21, 2021. Moreover, none of the arguments interposed by Mr. Cohen support the relief requested. Rather, they are properly argued as part of his opposition to my submission dated July 16, 2021. Id., *Dkts.* 167-170. Among his specious arguments: the Court should "narrow" the specific sanctions award; endeavor to "narrowly tailor" fees awarded during the various sanction's periods; and, that I could have worked harder to uncover the then-pending litigation in the Bronx. *See Dkt. 176*, pgs. 2, 3. All of these issues can be addressed by objections to specific billing entries in my supplemental submission. These arguments do not meet the standard required in the Second Circuit. Lastly, there is no offer to post a bond pending appeal. Mr. Cohen's arguments relating to the existing record and legal standard therefore fail.[2]

---

[1] The only value to the unauthorized submission by Plaintiff is the disclosure of additional discovery that was requested but never previously disclosed. For example, an alleged "spinal condition" that impacts his ability to work and additional doctors he saw relating to his worker's compensation claim, *dkt.* 174-10, four more complaints filed against my clients by Plaintiff with the IRS, *dkt.* 173-1, 173-12, and a complaint filed by Plaintiff with law enforcement regarding alleged drug dealing by my clients, *dkt.* 173-12. Defendants requested in disclosures served on April 5, 2019. See Exhibit A, pg. 5, Int. 10. Given all these disclosures were made by Plaintiff to Mr. Cohen *via* email, both he and Plaintiff failed in their obligations to accurately and timely respond to Defendant's discovery demands.

[2] The arguments interposed for the first time in his letter motion also lack merit. For example, the representation that a "simple google search" would yield multiple relevant results regarding the Bronx action. Id., pg. 2. With only one exception, the only "hits" post-date proceedings up to the time of trial in this Court. *See* Exhibit B. These hits all relate to the decision by the Appellate Division, First Department, issued *months after litigation* in this Court had ceased. Mr. Cohen's argument is properly given no weight. The search does disclose the captions available online include only "the Law Firm of Dayrel Sewell, PLLC". This fact is consistent with my representations to the Court and its own due diligence. The only other interesting google hit is in March 2021, Plaintiff was directed to pay costs and reproduction expenses to all Defendants in the Bronx Action by the New York State Court of Appeals.

*Conclusion*

      Rather than an interlocutory stay and briefing on Plaintiff's self-styled motion for reconsideration, the appropriate mechanism for Plaintiff and Derek Smith is to submit opposition on August 16, 2021.  Once a final order is entered by this Court, should any issues remain, they are properly addressed on appeal.  Accordingly, Plaintiff's defective submission is properly stricken from the record and the request by Derek Smith properly denied.

                                     Most Respectfully,

                                       Thomas D. Shanahan

Cc:    Johnmack Cohen, Esq.
         *Pro Se* Plaintiff