UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE 1,

            Plaintiff,

           -v.-

EAST SIDE CLUB, LLC, JOHN DOE 2, and JOHN DOE 3,

           Defendants.

18 Civ. 11324 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

On July 1, 2021, the Court issued an order imposing sanctions on Plaintiff John Doe 1 and his former attorneys, Johnmack Cohen, Esq. and the Derek Smith Law Group (together "DSLG"), for a pattern of deceitful conduct and bad faith misrepresentations to the Court. (Dkt. #166 (the "Sanctions Order" or the "Order")).[1] Now before the Court is Plaintiff's motion for reconsideration of the Sanctions Order. (Dkt. #173-174).[2] As set forth in the remainder of this Order, the motion is denied.

By way of recent procedural history, on July 28, 2021, Plaintiff John Doe 1 filed the instant motion seeking this Court's reconsideration of the Sanctions Order. (Dkt. #173-174). Both Defendants and DSLG separately oppose Plaintiff's motion for reconsideration. Defendants submitted their opposition on August 2, 2021 (Dkt. #177), whereas DSLG filed its opposition on

---

[1] The Court understands DSLG's filings related to the Court's issuance of the Sanctions Order as jointly submitted on behalf of both the firm and Mr. Cohen.

[2] In a recent order, the Court detailed much of the procedural history of this case subsequent to the Sanctions Order. (*See* Dkt. #182). For convenience of the reader, the Court recounts this history as relevant to the instant motion.

September 13, 2021 (Dkt. #187, 190).³  On August 9, 2021, Plaintiff submitted an unauthorized reply to Defendants' opposition in further support of his motion for reconsideration.  (Dkt. #181).

Plaintiff brings his motion for reconsideration under Federal Rule of Civil Procedure 59(e).  "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court."  *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 246 (S.D.N.Y. 2005) (internal citation omitted).  "[T]he standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Analytical Survs., Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal alteration omitted) (quoting *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013).

---

3   Prior to Plaintiff's filing of his motion for reconsideration, DSLG entered a notice of appeal to the United States Court of Appeals for the Second Circuit, seeking review of the Sanctions Order.  (Dkt. #172).  This appeal has been stayed by the Second Circuit, pending resolution of this motion.  (Dkt. #178).

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Survs., Inc.*, 684 F.3d at 52 (quoting *Sequa Corp.* v. *GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiff has not set forth circumstances approaching the high bar for reconsideration. Plaintiff argues that it would be manifestly unjust for the Court to uphold the Sanctions Order because it "is based on multiple incorrect factual assumptions ... not because of the Court's lack of attention to details, but because Plaintiff was screened by his attorneys from the entire case and could not provide the Court with relevant evidence to make the findings of fact correctly." (Dkt. #174 at 2). This screening argument is belied by Plaintiff's active participation in the sanctions proceedings, including the conference he attended regarding the sanctions issues (*see generally* Mar. 17, 2021 Hr'g Tr. (Dkt. #138)) and his filing of a *pro se* opposition to Defendants' motion for sanctions, separate and distinct from that filed by DSLG (Dkt. #140). It is unclear to the Court how Plaintiff could have been deprived by his former attorneys of the opportunity to grapple with Defendants' allegations of misconduct, when he took the affirmative step of filing a *pro se* opposition and had unfettered access to the arguments being made by Defendants and DSLG.

On this motion, Plaintiff seeks to shift the blame for conduct the Court viewed as sanctionable to his former attorneys. (*See, e.g.*, Dkt. #174 at 2 ("Because DSLG attorneys played a double game, at all times material, due to this DSLG attorneys' misconduct, Plaintiff was completely oblivious and

3

therefore had no chance to correct or explain any statements that were made by him or on his behalf."); *see generally* Dkt. #173-1). But in passing the buck entirely to his former counsel, Plaintiff merely asks this Court to relitigate issues it has already passed on, without identifying any additional evidence that was unavailable to him at the time of the original motion. To the extent Plaintiff relies on new materials for the first time on this motion, the Court declines to consider these as a basis for reconsideration. *See, e.g., Araujo* v. *NYC Dep't of Educ.*, No. 20 Civ. 7032 (LGS), 2020 WL 6392818, at *3 (S.D.N.Y. Nov. 2, 2020) ("[Movants] do not claim this evidence was unavailable at the time of their original motion, so they may not use a motion for reconsideration to introduce it."); *Brown* v. *Barnhart*, No. 04 Civ. 2450 (SAS), 2005 WL 1423241, at *1 (S.D.N.Y. June 16, 2005) ("[T]he moving party may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks and citation omitted)). That with the benefit of hindsight, Plaintiff wishes he presented different arguments or relied upon other evidence in support of his position does not move the Court to reconsider its decision, arrived at following a careful analysis of the record then before it. Moreover, the Court rejects Plaintiff's vain attempts to reframe conclusions in the Order as mere arguments open for debate with this Court. Such matters have already been addressed in the record, and a motion for reconsideration is not the proper means by which to mount a substantive challenge to this Court's reasoning.

4

In sum, Plaintiff fails to point to any "intervening change of controlling law," "new evidence," or a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Accordingly, his motion for reconsideration is DENIED.

For avoidance of doubt, this Order does not in any way alter the stay of this matter, which this Court entered pending the disposition of DSLG's appeal to the Second Circuit. (Dkt. #182, 186).

The Clerk of Court is directed to terminate the pending motion at docket entry 173.

The Court notes that Plaintiff has consented to electronic service of court documents.

SO ORDERED.

Dated:   October 8, 2021
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge